```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF GEORGIA
                       AUGUSTA DIVISION
```

```
UNITED STATES OF AMERICA      *
                              *
     v.                       *      CR 108-061
                              *
CALVIN LEE STEVENSON, JR.     *
```

O R D E R

Defendant Calvin Lee Stevenson, Jr., has filed a motion for compassionate release, which the Government has opposed. Upon due consideration, the Court denies Stevenson's request for relief.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides a narrow path for a District Court to grant release to a defendant if it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of

extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

---

[1] The application note also mentions a fourth catch-all category, which provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). Many courts have determined that the First Step Act gave them authority to ignore the emphasized language and to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 independent of the BOP's determination. The Eleventh Circuit, however, has not yet spoken on the issue, and until such time, this Court will abide by the Policy Statement as written. In the Court's estimation, the First Step Act did not render the Sentencing Commission's Policy Statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Carroll, 2021 WL 807483 (N.D. Ala. Mar. 3, 2021); United States v. Teachey, 2020 WL 5422563 (E.D. Ky. Sept. 10, 2020); United States v. Pelloquin, 2020 WL 6556024 (N.D. Fla. May 29, 2020); United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

In this case, the only possible applicable category into which Stevenson may fall is a qualifying medical condition. In this regard, Stevenson claims to be particularly vulnerable to COVID-19 because he is "immunocompromised by virtue of his ailments with fluid in his lungs and severe allergies." (Doc. 317, at 3.) Yet, the inmate medical records supplied by the Government belie Stevenson's assertion that he is immunocompromised as that is not mentioned anywhere therein. (See generally Gov't Resp. in Opp'n, Doc. 329, Ex. B.) Besides, the Centers for Disease Control ("CDC") only lists "[i]mmunocompromised state (weakened immune system) from solid organ transplant" as a condition that places a person "at increased risk of severe illness from COVID-19." See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on March 15, 2021). It also lists "immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines" as a condition that "might" place a person at an increased risk. Stevenson has not presented evidence that he has a condition that falls on this list.

To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must

3

be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Stevenson presents no medical evidence that he meets either of these criteria. And his argument that his medical condition constitutes a serious medical condition because of the potential impact of COVID-19 is unavailing as explained above. Stevenson bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). He has simply not done so.

Even if a defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must still consider the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). These considerations do not support early release. Stevenson's offense involved an armed carjacking and an armed robbery of a credit union. During the offense, Stevenson carried a sawed-off shotgun. His sentence of 240 months imprisonment was greatly aided by a favorable plea agreement. Stevenson had faced 505 months following his conviction by a jury in 2009. Stevenson still has four years left on his sentence. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Moreover, the Court cannot conclude that Stevenson does not still pose a danger to the community.

4

Upon the foregoing, Defendant Calvin Lee Stevenson, Jr.'s motion for compassionate release (doc. 317) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of March, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA